IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ALLIED ERECTING AND DISMANTLING CO., INC. and ALLIED-GATOR, INC.,** | Civil Action No. _____ |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| **GENESIS EQUIPMENT & MANUFACTURING, INC., GENESIS ATTACHMENTS, LLC, and INTERNATIONAL EQUIPMENT SOLUTIONS, LLC,** | |
| Defendants. | |

## COMPLAINT

Plaintiffs Allied Erecting & Dismantling Company, Inc. ("AED") and Allied-Gator, Inc. ("Gator") (collectively, "Allied" or "Plaintiffs"), by their attorneys, Eckert Seamans Cherin & Mellott, LLC, file this Complaint against Defendants, Genesis Equipment & Manufacturing, Inc., Genesis Attachments, LLC, and International Equipment Solutions, LLC (collectively, "Defendants").

## INTRODUCTION

1. This action arises out of Defendants' new, expanded, willful, and conscious acts of disclosure and misappropriation of Allied's previously adjudicated trade secrets.

2. As further set forth herein, it is settled and has been adjudicated that certain proprietary, confidential and trade secret information, including internal design features and Allied's marketing and business plan and data relating to its most innovative product, the Allied MT, was misappropriated by Defendants in order to manufacture, market, and profit from the

1

sale of their competing products, the Genesis LXP and Genesis Versi-Pro (collectively, the "Infringing Tools"), which directly correspond to Allied's innovative products.

3. To remedy this misappropriation, Allied filed suit against Genesis and a federal jury found Genesis liable for trade secret misappropriation and awarded Allied over $3.04 million. Judgment on the jury's verdict was entered on July 7, 2010. The jury's finding of liability and unjust enrichment award were affirmed by the Sixth Circuit Court of Appeals on January 8, 2013, at Case Nos. 10-4180, 10-4583, and 11-3008.

4. As such, it is settled that Allied has existing trade secrets, that Genesis misappropriated the same, and that the Genesis LXP and Versi-Pro incorporate and would not exist but for the misuse by Defendants of Allied's trade secrets.

5. Despite the jury's findings, Defendants have deliberately and consciously committed new and additional acts of trade secret misappropriation, post-verdict, including, but not limited to the manufacture, marketing and sale of Infringing Tools, the expansion of the line of Infringing Tools that use Allied's misappropriated trade secrets and the disclosures of Allied's trade secrets in their marketing materials in new media. These new, egregious, and deliberate acts of misappropriation have caused Allied new and further harm, for which Allied is entitled to compensation.

6. Allied brings this action to protect its adjudicated trade secrets and confidential information and to seek redress for the harm that Genesis's wrongful, post-verdict conduct has caused, and will continue to cause, Allied.

**PARTIES**

7. Plaintiff Allied Erecting & Dismantling Co., Inc. is an industrial dismantling contractor and Ohio corporation, with a principal place of business located at 2100 Poland Avenue, Youngstown, Ohio 44502.

8. Plaintiff Allied-Gator, Inc. is a manufacturer of specialized equipment and attachments for the dismantling and scrap processing industries and Ohio corporation, with a principal place of business located at 2100 Poland Avenue, Youngstown, Ohio 44502.

9. On information and belief, Defendant Genesis Equipment & Manufacturing, Inc. is a Wisconsin corporation with a principal place of business located at 1000 Genesis Drive, Superior, Wisconsin 54880.

10. On information and belief, Defendant Genesis Attachments, LLC is a Delaware limited liability company with a principal place of business located at 1000 Genesis Drive, Superior, Wisconsin 54880. On information and belief, none of the members of Genesis Attachments is an Ohio citizen. Defendants Genesis Equipment & Manufacturing, Inc. and Genesis Attachments, LLC are collectively referenced herein as "Genesis."

11. It is believed and therefore averred that Genesis regularly does business in the state of Ohio as, *inter alia*, the website of Genesis indicates the presence of offices or employees based in or dedicated to the state of Ohio.

12. On information and belief, Defendant Genesis is currently owned, in whole or in part, by Defendant International Equipment Solutions, LLC ("IES"), a Delaware limited liability company with a principal place of business at 2211 York Road, Suite 320, Oak Brook, Illinois, 60523. On information and belief, none of the members of IES is an Ohio citizen.

13. As a holding company, IES does business in the state of Ohio by and through the entities it owns, including Defendant Genesis.

## JURISDICTION AND VENUE

14. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because all plaintiffs are residents of a different state from all defendants and because the amount in controversy is in excess of $75,000.

15. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Northern District of Ohio.

## BACKGROUND

**A.** **Allied and the Allied MT**

16. AED, founded in 1973, is a small family-owned Ohio-based business with a reputation for innovation in the area of industrial dismantling and, together with its affiliate, Gator, has designed, developed and now manufactures specialized equipment and attachments for the dismantling and scrap processing industries.

17. Among Allied's most innovative and lucrative products is its Allied MT Series Multi-Tool (the "Allied MT"), a powerful, versatile and operator-friendly, multi-purpose attachment. The Allied MT's most unique and revolutionary feature is its ability to work with the power and durability of a dedicated tool (a single-purpose tool which cannot accommodate different types of interchangeable jaws) but with the versatility of a multi-purpose attachment. The Allied MT's innovative design enables an operator to easily field change from a shear jaw set (for cutting steel) to a concrete crushing jaw set, or other MT jaw set, in a matter of minutes

4

without sacrificing either power or durability. Consequently, the operator can perform different work tasks while avoiding the added time and safety concerns inherent with the cumbersome task of exchanging single-purpose attachments or the jaws of other multi-purpose attachment designs which typically involve, among other drawbacks, the removal of the main shaft.

18. Through years of research and development and subsequent prototype testing, Allied developed a body of confidential and proprietary information constituting trade secrets relating to the Allied MT and its prospective design, manufacture, marketing, and sale.

19. These trade secrets included highly confidential joint venture presentations which contained proprietary information about the Allied MT, and included detailed engineering drawings, narrative descriptions of unique, unadvertised features, engineering specifications and calculations, cost data, production schedules, and Allied's highly confidential marketing and business plans. This package of information represented Allied's most valuable business asset: Allied's master business plan for the development, design, manufacture, testing and marketing of the Allied MT.

20. All of this information was kept confidential, even within Allied. To wit, Allied disclosed this information only to employees on a need-to-know basis, and only to potential joint venturers or third parties after a nondisclosure agreement had been executed.

21. All of this information remains highly confidential and proprietary information which is protected by Allied today.

B. **Defendants**

22. Genesis, formed in 1997, is in the business of providing equipment to the scrap processing, demolition and material handling industries and, as such, is a direct competitor of Allied.

23. On information and belief, IES is a global equipment company that focuses its resources on manufacturers that serve a wide range of markets including industrial, construction, agriculture, landscaping, infrastructure, aviation, recycling, demolition, mining and energy. On information and belief, IES does not independently manufacture or sell equipment in the demolition or scrap processing industries, but operates by and through its subsidiary companies, including Defendant Genesis.

24. On information and belief, IES exerts significant influence and control over the business and/or financial operations of Defendant Genesis, as evidenced, in part, by references to Genesis as a "division" of IES on the Genesis website.

25. On information and belief, IES benefits directly from Genesis's profitability.

C. **Genesis's Original Misappropriation**

26. As was established at trial, starting in or about 2003 Genesis wrongfully misappropriated proprietary, confidential and/or trade secret information of Allied's, including, *inter alia*, five internal design features of the Allied MT and Allied's master business plan, which included: (a) engineering data, (b) cost data, and (c) production/scheduling information relating to the Allied MT.

27. Thereafter, in or about November 2005, Genesis began to advertise its new LXP, a multi-purpose attachment that was strikingly similar to the Allied MT.

28. Notably, as of that date, and even to this day, no other equipment manufacturers make, market, or sell a multi-purpose attachment with the quick-change functionality that the Allied MT originally featured and which the Genesis LXP copied.

29. As was established at trial, Genesis's ability to develop, manufacture and then market and sell the LXP was wholly attributable to the trade secrets it wrongfully misappropriated from Allied.

D. **The 2006 Litigation and 2010 Trial**

30. In April of 2006, Allied initiated litigation against Genesis by the filing of a Complaint alleging, *inter alia*, violations of the Ohio Uniform Trade Secrets Act.

31. After discovery (during which, among other things, a forensic analysis of a laptop owned by a Genesis employee revealed that a highly sophisticated data deletion program had been installed shortly after Allied filed suit, thereby deleting critical evidence) and motions for summary judgment had been resolved, Allied's trade secret misappropriation claims proceeded to a jury trial in June of 2010.

32. After a two-week trial, on July 7, 2010 the jury rendered its verdict. Answering special interrogatories, the jury found that Allied had successfully established the existence of its claimed trade secrets.

33. The jury also found that Genesis had misappropriated these same trade secrets by using them in the manufacturing, marketing, and sale of the Genesis LXP and Versi-Pro (Genesis's smaller version of the LXP).

34. The jury found that Defendants had been unjustly enriched by their misconduct, and awarded Allied over $3.04 million in compensatory damages, as permitted under the Ohio Uniform Trade Secrets Act (the "Act"), Section 1333.63.

7

E.  **Post-Trial and Appellate Proceedings**

35. All parties filed post-trial motions. All post-trial motions were denied with the exception of Defendants' request to vacate the jury's award. As to that, the trial court vacated the $3.04 million award in its entirety.

36. The parties then filed cross-appeals. On January 8, 2013, the Sixth Circuit Court of Appeals reinstated the jury's award, and affirmed the trial court's ruling in all remaining respects.

37. As a result of the Sixth Circuit's decision, Defendants are now estopped from arguing, *inter alia*, that:

   a. Allied does not have trade secrets entitled to protection under the Ohio UTSA; and that

   b. Defendants misappropriated the same in manufacturing, marketing and selling the Infringing Tools.

F.  **Genesis's Post-verdict Misconduct**

38. Despite the jury's conclusive findings in 2010, which findings were vindicated by the Sixth Circuit on appeal, Genesis has, since 2010, knowingly and willfully expanded its misappropriation of Allied's trade secrets and has engaged in new misconduct by, *inter alia*:

- Manufacturing the LXP and Versi-Pro;

- Marketing the LXP and Versi-Pro;

- Selling the LXP and Versi-Pro;

- Expanding on its line of LXP and Versi-Pro products to include, on information and belief, at least two new sizes since 2010;

- Expanding its dealer network and expanding its manufacturing facilities to now include Europe; and

8

- Disclosing the trade secrets of Allied in its marketing and advertising materials including, but not limited to their website, signage in tradeshow booths, in company videos (available for viewing on their website), and on the video-sharing website YouTube.com.

39. Genesis has engaged in these new and expanded acts of misappropriation without the authorization of Allied.

40. On information and belief, in addition to the revenue it has wrongfully derived from the sale of the Infringing Tools, Genesis has also improperly benefited from the new and expanded acts of misappropriation, as well as the use of Allied's misappropriated business plan, by among other things:

- expanding its dealer network and manufacturing base not only in the United States but globally; and

- the wrongful enhancement of the value of its business in connection with its acquisition by IES.

41. On information and belief, in light of the jury's verdict IES purchased Genesis's business with knowledge that Genesis was currently engaged in the improper use and disclosure of Allied's trade secrets.

42. Thus, IES, through Genesis, has knowingly and improperly benefited and profited from the wrongful use of Allied's misappropriated trade secrets and Genesis's manufacture, marketing and sale of the Infringing Tools.

43. On information and belief, IES has made no attempts to prevent or curtail Genesis's wrongful use of Allied's misappropriated trade secrets and Genesis's manufacture, marketing and sale of the Infringing Tools.

44. All of the aforementioned new and expanded acts of post-verdict misappropriation were conscious, deliberate and have significantly harmed, and will continue to harm, Allied's reputation and business.

45. Allied has performed all conditions precedent to the filing of this lawsuit.

### COUNT I
### Misappropriation of Trade Secrets Against All Defendants

46. Plaintiffs hereby incorporate by reference the averments of Paragraphs 1 through 41 as if fully set forth herein.

47. By virtue of the above-described new and expanded acts of post-verdict misappropriation, despite the existence of Allied's adjudicated trade secrets and the jury's finding that the LXP and Versi-Pro make use of Allied's misappropriated trade secrets, Defendants have knowingly and deliberately violated the Ohio Uniform Trade Secrets Act.

48. Plaintiffs have suffered significant damages due to Genesis's and IES's new and expanded acts of post-verdict misappropriation and Defendants consequently have been unjustly enriched by these acts.

49. Because Defendants' post-verdict misappropriation is unquestionably knowing, intentional, willful and malicious, pursuant to Section 1333.63 of the Ohio UTSA, Plaintiffs are also entitled to punitive damages up to three times the amount of any compensatory damage award rendered to Plaintiffs.

WHEREFORE, Plaintiffs Allied Erecting & Dismantling Co., Inc. and Allied-Gator, Inc., respectfully request:

    A. Requiring the immediate disclosure and return to Allied of all misappropriated materials;

B. That Allied be awarded all compensatory damages it has suffered, in an amount to be proven at trial;

C. That Allied be awarded punitive and/or exemplary damages for all claims for which such damages are authorized;

D. That Allied be awarded attorneys' fees and the costs of this action as permitted by statute;

E. That Defendants be ordered to disgorge all improper benefits, profits, and/or gains;

F. An accounting of the misuse by Defendants of Allied's information and property;

G. A constructive trust for the benefit of Allied be imposed upon all funds, assets, revenues and profits derived from Defendants' unlawful acts and misappropriation;

H. For prejudgment and post-judgment interest at the legal rate; and

I. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

*s/Christopher R. Opalinski*
Christopher R. Opalinski, Esquire
Pa. I.D. No. 35267, Ohio Bar 0084504
F. Timothy Grieco, Esquire
Pa. I.D. No. 81104
Audrey K. Kwak, Esquire
Pa. I.D. No. 200527

Eckert Seamans Cherin & Mellott, LLC
Firm No. 075
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
(412) 566-5963
Fax: (412) 566-6099

Attorneys for Plaintiffs
Allied Erecting and Dismantling Co., Inc.
Allied-Gator, Inc.

Dated: August 7, 2013