PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLIED ERECTING AND DISMANTLING CO., INC., *et al.*, | ) ) CASE NO. 4:13cv1716 |
| Plaintiffs, | ) ) |
| v. | ) JUDGE BENITA Y. PEARSON ) ) |
| GENESIS EQUIPMENT & MANUFACTURING, INC., *et al.*, | ) ) ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND** ) **ORDER** [Regarding ECF No. 23] |

This matter is before the Court on the Motion to Dismiss filed pursuant to Fed. R. Civ. Pro. 12(b)(6) by Defendants Genesis Attachments, LLC ("Genesis") and International Equipment Solutions, LLC ("IES")(collectively "Defendants").[1]  ECF No. 23.  Plaintiffs filed a response (ECF No. 30), and Defendants replied (ECF No. 34).  The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.  For the reasons that follow, the Court grants Defendants' motion.

**I. Background**

**A. The Parties**

Plaintiff Allied Erecting & Dismantling Co., Inc. is an industrial dismantling contractor and, together with its affiliate, Plaintiff Allied-Gator, Inc. (collectively "Allied"), it designs, develops and manufactures specialized equipment and attachments for the dismantling and scrap processing industries.  ECF No. 1 at 4, ¶16.  Allied asserts that "its most innovative and lucrative

---

[1] Defendant Genesis Equipment & Manufacturing, Inc. has been voluntarily dismissed from this action. *See* ECF No. 41.

(4:13cv1716)

products is its Allied MT Series Multi-Tool (the "Allied MT"), a powerful, versatile and operator-friendly, multi-purpose attachment." *Id*. at ¶17. Allied states,

> 18. Through years of research and development and subsequent prototype testing, Allied developed a body of confidential and proprietary information constituting trade secrets relating to the Allied MT and its prospective design, manufacture, marketing, and sale.
>
> 19. These trade secrets included highly confidential joint venture presentations which contained proprietary information about the Allied MT, and included detailed engineering drawings, narrative descriptions of unique, unadvertised features, engineering specifications and calculations, cost data, production schedules, and Allied's highly confidential marketing and business plans. This package of information represented Allied's most valuable business asset: Allied's master business plan for the development, design, manufacture, testing and marketing of the Allied MT.

ECF No. 1 at 4-5, ¶¶18, 19.

Defendants are Allied's direct competitors. ECF No. 1 at 5, ¶22.

**B.  Prior Litigation**

In January 2006, Allied sued Genesis alleging, among other things, that Genesis misappropriated Allied's trade secrets relating to the Allied MT in violation of the Ohio Uniform Trade Secrets Act ("OUTSA"), R.C. § 1333.61 *et seq*.[2]  *See Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Man., Inc.*, 649 F. Supp. 2d 702, 710-11 (N.D.Ohio 2009) (hereafter "*Allied I*"). On July 2, 2010, the jury returned a verdict in favor of Allied on its claim

---

[2]  The defendants in the prior action included Mark Ramun, a former employee of Allied and the son of Allied's President, John Ramun. *Allied I*, 649 F.Supp.2d at 706-707. Mark Ramun left Allied in 2001 and began working for Genesis in 2003. *Id*. at 707. He has since filed for bankruptcy. ECF No. 23-2 at 6.
 IES is the current owner of Genesis. ECF No. 1 at 3, ¶12; 23-2 at 17. It was not a party in the prior litigation.

(4:13cv1716)

of misappropriation relating to Genesis' products, the LXP and the Versi-Pro. *See Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Man., Inc.*, 511 Fed. App'x 398, 400 (6th Cir. Jan. 8, 2013). The jury awarded Allied $3,046,800 in unjust enrichment damages. *Id*. It declined to award Allied lost profits or punitive damages. *Id*.

Thereafter, Allied moved the district court for a permanent injunction "preventing Defendants from further using, disclosing or profiting in any way from Allied's trade secrets." *Allied I*, Case No. 4:06cv114, ECF No. 253 at 1. In the alternative, Allied requested a reasonable royalty of Genesis' "continued manufacture and/or sale of the LXP and Versi-Pro" if a permanent injunction was unavailing. *Id*. at 13. The district court denied both requests. *Allied I*, Case No. 4:06cv114, ECF No. 272.

Both parties appealed. Allied appealed the district court's jury instructions on lost profits and the denial of its motion for a permanent injunction.[3] *Allied*, 511 Fed. App'x at 399. In January 2013 the Sixth Circuit affirmed the district court's rulings on these issues. *Id*. at 402-404. The Court explained that the theory of recovery based on unjust enrichment and lost profits are distinct, and that the district court did not err in requiring Allied to show a causal link between the misappropriation and Allied's loss, which Allied could not do. *Id*. at 403-404. As for the permanent injunction, the Court determined that the district court did not err in finding that Allied failed to demonstrate irreparable harm and was not, therefore, entitled to injunctive relief. *Id*. at 404-405.

Genesis appealed the district court's denial of its renewed motion for judgment as a

---

[3] The district court also vacated the jury award. Allied appealed this ruling and the Sixth Circuit reversed the district court's ruling vacating the unjust enrichment award. *Allied*, 511 Fed. App'x at 401-402.

(4:13cv1716)

matter of law that it filed post-verdict. *Id*. at 409. Genesis argued that no reasonable jury could have found it liable for misappropriation of trade secrets. *Id*. The Sixth Circuit affirmed the district court's ruling, finding the jury had sufficient evidence with which it could render its verdict. *Id*. at 410-411.

Thereafter, in May 2013, Allied filed a "Motion for Supplemental Relief and Request for Case Management Conference" on the district court's docket. *Allied I*, Case No. 4:06cv114, ECF No. 303. Allied asserted,

> 1. On July 2, 2010, Allied obtained a jury verdict against all Defendants for unjust enrichment based on Defendants' improper use of Allied's misappropriated trade secrets and sale of products incorporating the same.
>
> 2. Notwithstanding that a verdict was rendered against Defendants for this conduct, and such verdict affirmed on appeal, Genesis has persisted in its misconduct and continue to enrich itself through the improper use of these misappropriated trade secrets.
>
> 3. Allied seeks to institute supplemental proceedings to again vindicate its rights arising out of Genesis's continuing and knowingly improper conduct.

*Allied I*, Case No. 4:06cv114, ECF No. 303 at 1-2.  The district court denied Allied's motion.  The court stated,

> Plaintiffs' "motion for supplemental relief," filed on May 17, 2013, essentially requests the same permanent injunction that has already been denied by the district court and affirmed by the Sixth Circuit in this case.  Specifically, Plaintiff contends that "post-verdict, Genesis continued to misappropriate Allied's trade secrets and thereby continue to unjustly enrich itself from that misappropriation by, among other things, continuing to manufacture, market and sell the LXP and Versi-Pro.  In fact, post-verdict, Genesis has expanded on its LXP product line and as such, damage to Allied thereby is not only ongoing, but is increasing."  Doc. 303-2.  To the extent that Plaintiffs are attempting to reassert their motion for permanent injunction, the motion for supplemental relief is properly denied pursuant to law of the case.  To the extent that they attempt to assert an expansion of misappropriation, this is properly brought as a new law suit, as it is not merely seeking to enforce a previous judgment, but rather asserts that there are new

(4:13cv1716)

violations.

*Allied I*, Case No. 4:06cv114, ECF No. 315 at 2.  This action followed.[4]

### C.  The Instant Case

Allied filed a Complaint in the instant Court alleging one cause of action: misappropriation of trade secrets in violation of OUTSA.  ECF No. 1 at 10.  It alleges that, "[b]y virtue of the [] new and expanded acts of post-verdict misappropriation, despite the existence of Allied's adjudicated trade secrets and the jury's finding that the LXP and Versi-Pro make use of Allied's misappropriated trade secrets, Defendants have knowingly and deliberately violated the Ohio Uniform Trade Secrets Act."  ECF No. 1 at 10, ¶47.  Allied alleges that Defendants have been unjustly enriched by the new and expanded acts of post-verdict misappropriation, and seeks compensatory and punitive damages.  ECF No. 1 at 10, ¶¶48, 49.

Defendants filed a motion to dismiss, arguing that the action is barred by the doctrine of claim preclusion and the statute of limitations.  ECF No. 23.

## II.  Legal Standard

In deciding a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal

---

[4] Also pending in another unit of the instant Court is a patent infringement action regarding the LXP, *Allied Erecting and Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, Case No. 4:08-cv-00589.

(4:13cv1716)

conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 570.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. Pro. 8(a)(2)). "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).  When it is apparent from the face of the complaint that a claim is barred by an affirmative defense, a court may dismiss the action pursuant to a Rule 12(b)(6) motion. *Id*. (affirming dismissal based on claim preclusion); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (affirming dismissal based on statute of limitations).

### III.  Analysis

#### A.  Statute of Limitations as to Genesis

Genesis asserts that Allied's claim is barred by the four-year statute of limitations in OUTSA, R.C. § 1333.61 *et seq*.  ECF No. 23-2 at 22.  Genesis submits that, under OUTSA, "a continuing misappropriation constitutes a single claim." ECF No. 34 at 22.  It contends that

(4:13cv1716)

Allied alleges the misappropriation occurred in 2003 and filed suit in 2006, rendering this action untimely.  ECF No. 23-2 at 25.  Allied rejoins that its claim is timely because it alleges "new uses and disclosures" of trade secrets "that constitute distinct claims within the Act's definition." ECF No. 30 at 28.  It asserts that the prior lawsuit involved the acquisition of trade secrets, whereas the instant action involves the use and disclosure of trade secrets "in new and egregious ways."  Id. at 30.

R.C. § 1333.66 provides that an "action for misappropriation shall be commenced within four years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered.  For the purposes of this section, a continuing misappropriation constitutes a single claim." Id.  "Once a plaintiff learns facts causing the statute of limitations to begin running with respect to one trade secret claim, it begins to run on all trade secret claims as well." Adcor Indus., Inc. v. Bevcorp LLC, 411 F. Supp. 2d 778, 786 (N.D. Ohio 2005) aff'd 252 F. App'x 55, 62 (6th Cir. 2007) (rejecting the argument that the misappropriation "was the result of a concerted and ongoing effort to misappropriate," finding the district court correctly observed that if "each misappropriation [] trigger[ed] a new limitations period," the statute would be rendered "meaningless.").

Although the parties, and the Court, have been unable to locate an Ohio state court opinion interpreting the "continuing misappropriation" language in OUTSA, legal authority suggests that the language in the OUTSA should be interpreted in the same way as the Uniform Trade Secrets Act ("UTSA").  See R.C. § 1333.68 ("Sections 1333.61 to 1333.69 of the Revised Code shall be applied and construed to effectuate their general purpose to make uniform the law with respect to their subject among states enacting them."); Niemi v. NHK Spring Co., Ltd., 543

(4:13cv1716)

F. 3d 294, 302 (6th Cir. 2008) (interpreting OUTSA based on a comparable Illinois UTSA case because R.C. § 1333.68 encourages uniform enforcement of OUTSA with other state UTSAs); State ex rel. Besser v. Ohio State Univ., 721 N.E.2d 1044, 1049 (Ohio 2000) (interpreting the OUTSA and finding persuasive a comparable case in another jurisdiction that adopted the UTSA); *Adcor Indus.*, 411 F.Supp.2d at 786. UTSA § 6 reads the same as OUTSA: "[f]or the purposes of this section, a continuing misappropriation constitutes a single claim."[5]  *See also Amalgamated Industries Ltd v. Tressa, Inc.*, 69 Fed. App'x 255, 262 (6th Cir. 2003) ("according to the Act, the only relevant event for purposes of determining when [a] cause of action accrued is the initial act of misappropriation . . . [e]ach misappropriation of that same Information obtained . . . constitutes another misuse, but not another claim for purposes of the statute of limitations.").

Allied filed a lawsuit alleging a misappropriation claim in 2006. ECF No. 1 at 6, 7, ¶¶26, 30, 31. In the instant case, Allied refers to 2003 as the "original misappropriation." *Id*. at 6. It claims that Genesis has "expanded" its misappropriation and engaged in "new misconduct" such as manufacturing, marketing and selling the LXP and Versi-Pro. *Id*. at 8, ¶38. Allied also asserts Genesis has expanded the line of products, the markets for the products, and disclosing trade secrets in marketing materials. *Id*. In short, Allied alleges a continuing misappropriation that constitutes a single claim and is barred by the statute of limitations. The new misconduct alleged—manufacturing, marketing, selling, expanding, and disclosing—is, as described by

---

[5] The comment to UTSA § 6, after noting conflicting authority, states, "[t]his Act rejects a continuing wrong approach to the statute of limitations. . ." UTSA § 6, *cmt*. Under the "continuing wrong" approach, each use of a trade secret is a separate claim for misappropriation. *See Amalgamated Industries Ltd v. Tressa, Inc.*, 69 Fed. App'x 255, 262-262 (6th Cir. 2003).

(4:13cv1716)

Allied, an "expansion" of the original misappropriation.  Thus, even if Allied recently discovered Genesis' alleged acts described above, these acts are based on what Allied concedes was the "original misappropriation" in 2003.  Allied knew about Genesis' acquisition of trade secrets and their use of trade secrets at least by 2006, when it filed its first lawsuit.  *See, e.g.,* ECF No. 23-5 at 7, ¶25 (2006 complaint in which Allied alleged Genesis "was able to develop, manufacture, and then market the LXP.").  Because the instant case was filed more than four years after Allied discovered the misappropriation, the claim is time-barred.  *See* R.C. § 1333.66; *Adcor Indus., Inc.*, 411 F.Supp.2d at 785 ("In Ohio, . . . a cause of action accrues at the time the wrongful act was committed," citing *Norgard v. Brush Wellman, Inc.*, 766 N.E.2d 977 (Ohio 2002)).[6]

### B.  Statute of Limitations as to IES

Allied argues that its claim is not barred by the statute of limitations as to IES.  ECF No. 30 at 30.  It submits that its claim against IES accrued when IES acquired Genesis in "late 2011." *Id.* at 13.  Because IES was aware at that time of the jury verdict against Genesis for misappropriation of trade secrets, Allied asserts that IES has "knowingly and improperly benefited and profited from [Genesis'] wrongful use of Allied's misappropriated trade secrets." *Id*.  IES does not respond to Allied's argument that the statute of limitations against IES began running in 2011, when IES purchased Genesis.

Because the claim against IES is based on the original misappropriation in 2003, the statute of limitations bars Allied's claim.  *See Amalgamated Industries Ltd v. Tressa, Inc.*, 69 Fed. App'x 255, 262 (6th Cir.  2003) ("according to the Act, the only relevant event for purposes

---

[6]  Allied asserts that the conclusion in *Tressa* justifies a re-opening of *Allied I*.  ECF No. 30 at 31.  It is not within the purview of the instant Court to re-open *Allied I*.

(4:13cv1716)

of determining when [a] cause of action accrued is the initial act of misappropriation . . . [e]ach misappropriation of that same Information obtained . . . constitutes another misuse, but not another claim for purposes of the statute of limitations.").  Because this action is time-barred, the Court need not reach the issue of claim preclusion.

### IV.  Conclusion

For the reasons stated above, the Court grants Defendants' motion to dismiss (ECF No. 23).  The matter is closed on the Court's docket.

IT IS SO ORDERED.

May 30, 2014  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
 United States District Judge